406 So.2d 57 (1981)
Raul MOLINA, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1460.
District Court of Appeal of Florida, Third District.
November 17, 1981.
Bennett H. Brummer, Public Defender and Steven E. Chaykin, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
Molina appeals from his convictions in an armed burglary-robbery case. Over objection, the investigating police officers stated that, after interviewing two co-defendants who did not themselves testify, they arrested Molina and then placed his picture in a photo lineup for identification by the victim.[1]
*58 As was held in the utterly indistinguishable and directly controlling case of Postell v. State, 398 So.2d 851 (Fla.3d DCA 1981),[2] the admission of this testimony was clearly erroneous. We reiterate the conclusion that
where, as in the present case, the inescapable inference from the testimony is that a non-testifying witness has furnished the police with evidence of the defendant's guilt, the testimony is hearsay, and the defendant's right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated.
398 So.2d at 854. Furthermore, it is to be noted, as Postell, with welcome prescience, also specifically stated,
That the absent `witness' [as in this case] happens to be a co-defendant who does not testify at trial is inconsequential. See also State v. Niesbbalski, 82 N.J.L. 177, 83 A. 179 (1912) (testimony that defendant was arrested upon information received from two co-defendants violated defendant's right to confrontation where necessary inference was that co-defendants had implicated defendant); State v. Johnson, 538 S.W.2d 73 (Mo. App. 1976) (testimony that immediately after speaking to co-defendant, officer arrested defendant, `just as much hearsay and objectionable as the implicating statement itself would have been,' deprived defendant of right of confrontation).
398 So.2d at 855, n. 8.
Finally, Postell is uncannily also dispositive as to the effect of the error in question. The only other evidence against Molina, as in Postell, was a severely challengeable eyewitness identification by the victim. Thus, as in Postell, 398 So.2d at 856, we conclude that the admission of the hearsay testimony harmfully affected Molina's trial and requires a new one.
Reversed and remanded.
NOTES
[1] In final argument the prosecutor emphasized the already obvious conclusion to be drawn from this series of events:

And I said, `Officer  Sergeant Love, what did you do after that discussion? Did you do anything?'
He did something after that discussion. He arrested Raul Molina for this armed robbery. Get the sequence of the investigation in your mind. Three people are arrested for auto theft. A discussion. Raul Molina gets arrested for this armed robbery, this burglary and this kidnapping.
In the arrest his picture is taken. His picture is taken and put in a group of pictures of similar young males. What happens?
* * * * * *
I ask you to look at one thing, please. Look at the way this case was solved; the course of the investigation; why that second line-up was put together and how it was put together; what it was a result of.
I think that will explain a lot of the unknowns in this case. [emphasis supplied]
[2] Postell was decided long after the trial in the case at bar.