493 So.2d 11 (1986)
Martin DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2232.
District Court of Appeal of Florida, Third District.
July 15, 1986.
*12 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, Miami, for appellant.
Jim Smith, Atty. Gen., and Jacki B. Geartner and Michele Crawford, Asst. Attys. Gen., Tallahassee, for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal from judgments of conviction and sentences for armed robbery and attempted first-degree murder. The sole point on appeal is that the trial court committed reversible error in admitting certain testimony of a police officer which, it is urged, inescapably indicated that a non-testifying witness furnished the police with evidence of the defendant's guilt. We agree and reverse for a new trial.
At the trial of the cause, Detective Thomas Pellechio of the Metro-Dade Police Department testified, over objection, that on December 20, 1983, he conducted an "area canvass" of the neighborhood where the armed holdup and attempted murder had taken place shortly after the offense, that he asked fifteen to twenty people if they had seen anything pertaining to the incident, that he then developed a lead from this canvass and began looking for a 1974-1976 blue over white AMC automobile, and that he later located such an automobile parked in front of the defendant Martin Davis' house. This was the reason, he testified, that he placed the defendant's photograph in two photo lineups in which the victim of the robbery herein made an identification of the defendant. The prosecuting attorney made certain references to this evidence, over objection, during opening statement to the jury; the trial court later denied a defense motion in limine to suppress such testimony; and the testimony was admitted before the jury over specific defense objection.
The case is controlled by Postell v. State, 398 So.2d 851, 854 (Fla. 3d DCA), pet. for review denied, 411 So.2d 384 (Fla. 1981), where we announced the following well-established rule of evidence:
"We hold that where, as in the present case, the inescapable inference from the [challenged] testimony is that a non-testifying witness has furnished the police with evidence of the defendant's guilt, the testimony is hearsay, and the defendant's right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated." (footnotes omitted).
We reversed Postell's robbery conviction based on the erroneous admission of the testimony by a police detective that he spoke to a woman at the scene of the robbery within minutes after the robbery, and based on this conversation, proceeded to another location and arrested the defendant. Plainly, the inescapable inference from such testimony was that a non-testifying witness at the scene had furnished the police with evidence of the defendant's guilt which led them directly to the defendant.
The same is true of the challenged testimony in the instant case. A police detective testified that shortly after an armed robbery he spoke to fifteen to twenty witnesses in the vicinity of the robbery, that he developed a lead on a particular *13 automobile as a result of speaking to these non-testifying witnesses, and that he traced this automobile to a location directly in front of the defendant's house. Plainly, the inescapable inference from such testimony was that a non-testifying witness had furnished evidence of guilt to the police  namely, a description of the getaway car in the robbery  which led the police directly to the defendant. Based on the indistinguishable authority of Postell, this testimony constituted inadmissible hearsay evidence. This result is not changed by the fact that the challenged evidence explained why the detective placed the defendant's photo in the photo lineup because the detective's motivation for so doing was entirely irrelevant to the case.
Moreover, the evidentiary error was extremely prejudicial to the defendant  especially where (a) the defendant mounted a strong alibi defense at trial in which five witnesses, including the defendant himself, testified in support thereof, and (b) the sole evidence of guilt, aside from the inadmissible hearsay, was the identification testimony of the victim of the robbery, which identification was arguably impeached, in part, on cross examination. The evidentiary error here was therefore not a harmless error in the context of this case. See Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981).
The final judgments of conviction and sentences under review are reversed and the cause is remanded to the trial court for a new trial.