PER CURIAM.
Appellant was convicted of three counts of sexual battery and one count of lewd and lascivious acts in the presence of a child. On each of the sexual battery counts, he was sentenced to life with a twenty-five year minimum mandatory term with one of the counts to run consecutive to the other two. On appeal he argues that the trial court erred in overruling his objection to hearsay testimony adduced from a police officer, the introduction of which was highly prejudicial. Appellant also argues that the life sentences with twenty-five year minimum mandatory terms for his convictions under section 794.011(2) constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 17 of the Florida Constitution (1968).
We reject appellant’s second argument on the authority of Harrison v. State, 360 So.2d 421 (Fla.1978). However, because we believe the court erred in admitting the hearsay evidence, an error we are unable to say did not affect the verdict beyond a reasonable doubt, we reverse appellant’s conviction and remand for a new trial.
*426 Officer Linda Smith testified at trial that she had spoken with the victim’s stepfather. As she began to testify concerning what the stepfather related as having been told to him by the victim, defense counsel objected on the basis that such testimony was inadmissible hearsay. The state argued that the police officer's testimony of statements the victim made to his stepfather was not admitted for the truth of the matter, but rather to show how the police officer determined that she needed to speak to the victim. The trial court overruled the defense objection and the officer testified that she had been told by the stepfather that the victim had said there were times when he was with the appellant and “things had happened,” including manual sex, oral sex, and attempted anal penetration.
Testimony of the victim’s statement to his stepfather, adduced through the police officer, was the only testimony which corroborated the victim’s testimony regarding specific acts alleged to have occurred. The stepfather himself only testified that the victim had said he was “messed with,” and did not testify with the same degree of detail contained in the officer’s testimony. We note that “[wjhen a police officer, who is generally regarded by the jury as disinterested and objective and therefore highly credible, is the corroborating witness, the danger of improperly influencing the jury becomes particularly grave.” Perez v. State, 371 So.2d 714, 717 (Fla. 2d DCA 1979).
In the instant case, the admission of the victim’s statement to his stepfather, through the police officer, resulted in an improper bolstering of the victim’s credibility. Had the officer testified that she determined she should speak with the victim because of statements made during an interview of the victim’s stepfather, improper bolstering of the victim’s credibility would have been avoided. See Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989).
Appellant’s conviction is reversed and this cause is remanded to the trial court for a new trial.
REVERSED AND REMANDED.
GLICKSTEIN and POLEN, JJ., and WALDEN, JAMES H., (Retired) Associate Judge, concur.