FARMER, Judge.
Appellant was tried for aggravated battery. At trial two witnesses, Van Briggle and O’Brien, identified him as the aggressor or other person involved in the fight. Another state witness, Detective Hoffman, was asked the following questions about photographs he had shown two other witnesses, Egas and Palacios, and the officer gave the following responses:
Q. Now, had the photographs that you showed these people, what did you tell them you were looking at?
A. I just told them if they could identify the photographs as the person responsible for the offense that was committed on the night in question.
# * * * * *
Q. * * * Who exactly was it that can positively identify the Defendant?
# * * * # *
THE WITNESS: Mr. Egas made a positive identification and Mr. Palacios made a positive identification.
Neither Egas nor Palacios testified in court. Defendant objected to this testimony as hearsay, but the objection was overruled. The jury returned a verdict of guilty.
We are unable to conclude that the admission of this inadmissable hearsay was harmless beyond any reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The trial took place more than two years after the incident. The victim testified that he did not see his assailant. Van Briggle admitted that he had told the police one month after the incident that he wasn’t really paying any attention to the fight, that he did not see how it started, that he had said that the victim was drunk, that he had misdescribed the defendant, and that he was unable to identify defendant in a lineup shortly after the fight. O’Brien admitted that he had told the police — also just one month afterwards — that the victim had started the fight, although he testified at trial that he did not see who started the fight.
Hence it appears that the jury may have been overly influenced by the inadmissable hearsay as to the weight of the in-court identifications in spite of the impeachment. We are left with no alternative except to order a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.
GUNTHER and GARRETT, JJ., concur.