595 So.2d 232 (1992)
Larry BELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-829.
District Court of Appeal of Florida, Third District.
March 3, 1992.
Rehearing Denied April 7, 1992.
*233 Bennett H. Brummer, Public Defender, and John H. Lipinski, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
Larry Bell, the defendant, appeals his conviction for first degree murder with a firearm and unlawful display of a firearm while in the commission of a felony. For the reasons expressed below, we vacate the defendant's conviction and sentence, and remand for a new trial.
Prior to his arrest, the defendant contacted an assistant public defender after learning that the police were looking for him in connection with a shooting death. This same assistant public defender had represented the defendant in an earlier case, where the defendant had given the police a confession, allegedly after he had been beaten and interrogated. The defendant told the public defender that he did not want to speak with the police, and signed an "Invocation of Right to Counsel" form provided to him.
Thereafter, the defendant and the assistant public defender went to the liaison office so that the defendant could turn himself in to the police. Once at the liaison office, the public defender handed out several copies of the signed "Invocation of Right to Counsel" form, and informed everyone present, including the officer who ultimately arrested the defendant, that the defendant was invoking his right to counsel and did not want to speak to anyone about the new charges without an attorney present. The arresting officer then told the public defender that the invocation form was invalid because the public defender had not been appointed to represent the defendant in the new case. Clearly, the police officer was wrong in that regard.
The officer then made a phone call to the state attorney's office and spoke to a prosecutor who agreed with the officer's statement to the public defender. Here, the error was compounded by the assistant State Attorney who erroneously agreed with the police officer's legally incorrect opinion regarding the validity of the "Invocation of Right to Counsel" form. Thereafter, the defendant was taken into custody by the police officer and the assistant public defender left. Subsequently, after being question by the arresting officer, the defendant waived his right to counsel and gave the police a confession.
Prior to trial, the defendant moved to suppress his confession, claiming that it was coerced and that he was improperly questioned after invoking his right to counsel. The trial court erroneously denied the motion. At this point, the trial court's failure to grant the defendant's motion to suppress served to further compound the error caused by the unexplained ignoring of the undisputed, and legally valid, actions of the defendant to invoke his constitutional right to counsel. The trial court's ruling, coupled with the earlier misjudgments of the police officer and the Assistant State Attorney, doomed, from the start, any chance that the State may have had to obtain a conviction that would hold up on appeal.
It is well established that, once a defendant has invoked his right to counsel, he "is not subject to further interrogation by the authorities until counsel has been made available to him," Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378, 386 (1981), and if the *234 police proceed to interrogate a defendant after an invocation of the right to counsel, "any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid," Michigan v. Jackson, 475 U.S. 625, 636, 106 S.Ct. 1404, 1411, 89 L.Ed.2d 631, 642 (1986). See Smith v. Illinois, 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984); Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant had informed the assistant public defender that he did not want to speak to the police, and had signed an "Invocation of Right to Counsel" form which was then given to the arresting police officer. The defendant's subsequent waiver of his right to counsel after the subsequent police initiated interrogation was not valid and, thus, the trial court erred in not granting the pretrial motion to suppress the defendant's confession. See Kyser v. State, 533 So.2d 285 (1988); Long v. State, 517 So.2d 664 (Fla. 1988), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988).
We find that the trial court also erred in allowing a police officer to testify, at trial, that an eyewitness had spoken with the officer about the shooting, thereby causing the officer to focus his investigation upon the defendant. The State had referred to this witness during voir dire and opening, but rested its case without having called the witness to testify in court. The officer's testimony regarding the statements of a nontestifying witness was obviously hearsay, and was improperly admitted by the trial court. See Davis v. State, 493 So.2d 11 (Fla. 3d DCA 1986); Bullard v. State, 436 So.2d 962 (3d DCA 1983), review denied, 446 So.2d 100 (Fla. 1984); Postell v. State, 398 So.2d 851 (Fla. 3d DCA), review denied, 411 So.2d 384 (Fla. 1981).
Contrary to the State's argument, the State has failed to carry its burden of showing that these errors were harmless under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and therefore the defendant's conviction must be reversed, and the cause remanded for a new trial.
Reversed and remanded for a new trial.