645 So.2d 160 (1994)
Aundre MINNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2344.
District Court of Appeal of Florida, Fourth District.
November 23, 1994.
Richard L. Jorandby, Public Defender, and Debra Moses Stephens, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
RAMIREZ, JUAN, Jr., Associate Judge.
Appellant, Aundre Minnis, appeals his conviction and sentence for manslaughter. We reverse.
On March 24, 1994, Detective Mark Engle was notified of a shooting of two men. One of the victims, Jean Woodside, died as a result of his wound. Through an anonymous source, the officers learned that the suspect was named Aundre. They were also told by *161 Sarah Noel that Aundre was the shooter. When the officers interviewed Aundre Minnis, he first claimed that he saw the incident, but was not involved. After the second victim of the shooting, Vorbes Jeanty, implicated the appellant, he was again interviewed. He then admitted that he had shot the victim, but it was an accident. He was arrested and charged.
During trial, Officer Engle was allowed to testify over defense objection that he had been told by Sarah Noel that she had overheard on the telephone Vorbes Jeanty say, "Aundre might have shot me man." The court overruled the hearsay objection stating that it did not go to the truth of the matter asserted.
We find this testimony to be inadmissible hearsay. In fact, this would be hearsay within hearsay and would need an exception for each statement. Hill v. State, 549 So.2d 179 (Fla. 1989). The statement of Jeanty identifying the shooter as Aundre can have no other purpose than for the truth of the matter asserted, that Aundre did the shooting. Likewise, Sarah Noel's statement to the officer that she had overheard Jeanty identify the defendant as the shooter can have no other purpose than to incriminate the defendant. There are no exceptions for either of the statements. The trial judge also allowed Detective James M. Tedder, over defense objection on hearsay grounds, to testify as follows:
I got a call from, uh, an anonymous female stating that she had seen suspects, uh, involved in the shooting run through a yard and down Canal Terrace and subsequently they gave us the name, first name only of Aundre. Did not give us the last name. Did not give me the last name.
This statement was also inadmissible hearsay. There can be no reason for the statement of an anonymous female identifying the defendant as a suspect in the shooting seen running through a yard and down the street other than to incriminate the defendant. Neither the state of mind of the officer nor the female were material to the case. State v. Baird, 572 So.2d 904 (Fla. 1990); Bell v. State, 595 So.2d 232 (Fla. 3d DCA 1992).
We cannot say that these errors were harmless. Under State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986), there is a reasonable possibility that the errors affected the verdict. The statement that the defendant was seen running through a yard and down the street would negate his theory that the incident was an accident. This court has previously said that an officer's testimony is seen as highly-credible and carries a danger of influencing the jury. Stamper v. State, 576 So.2d 425, 426 (Fla 4th DCA 1991), quoting Perez v. State, 371 So.2d 714, 717 (Fla. 2d DCA 1979). We cannot say that the statements were harmless beyond a reasonable doubt.
Lastly, appellant contends that the trial court erred in denying his motion for a judgment of acquittal. A review of the record shows that the motion was properly denied. Where there are different opinions or inferences to be drawn, the trial court should submit the case to the jury. Lynch v. State, 293 So.2d 44, 45 (Fla. 1974). The defendant gave inconsistent statements to the police regarding the fatal shooting. He attempted to avoid responsibility by lying to the police, a clear indication of guilt. Smith v. State, 424 So.2d 726, 730 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983).
We, therefore, reverse and remand this cause for a new trial based on the prejudicial statements allowed into evidence.
DELL, C.J., and STONE, J., concur.