647 So.2d 1016 (1994)
Derrick HARRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3610.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
*1017 Richard L. Jorandby, Public Defender and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia Ann Ash, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
Appellant appeals his convictions for burglary with assault or battery and strong-arm robbery, arguing that he is entitled to a new trial because a police officer was allowed to give hearsay testimony as to a description of the suspect given by a witness who did not testify. He also argues that the court erred in instructing the jury on stealthy entry and in not granting a mistrial when the prosecutor commented on his right to remain silent. We reverse on all three grounds.
The victim was stopped at a red light when a man who had tried unsuccessfully to open her locked car door threw a rock through a window and dove in through the shattered window. He grabbed the chain around her neck while she was screaming and blowing the horn, and after she drove her car into a fence, he ran off, taking her wallet with him.
Eyewitness Clemons was stopped behind the victim's car and observed the incident. He followed the victim's car and waited until the police arrived. He identified appellant at trial, testifying that he was positive that the robber was wearing yellow shorts and no shirt. He also testified at trial that the robber had a mustache, which contradicted his deposition testimony that the robber did not have a mustache. The victim identified appellant as the man who robbed her, describing him as wearing a red shirt at the time of the incident.
The officer who was called to the scene testified that eyewitness Clemons had described the robber as wearing an orange shirt and brown pants. The officer also testified that the victim gave a similar description. In addition, the officer was permitted to testify that a Mr. Robinson, who was not called to testify at trial, gave him a description of the robber which was similar to that given by the victim and Clemons. Defendant objected to all of the officer's testimony about identification as hearsay.
Section 90.801(2), Florida Statutes (1993), provides:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition;
(b) Consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive, or recent fabrication; or
(c) One of identification of a person made after perceiving him. (Emphasis added).
The identification statements of the victim and witness Clemons to the officer were not inadmissible as hearsay, since they *1018 testified at trial. However, the identification testimony of witness Robinson was inadmissible because Robinson did not testify at trial. Cullimore v. Barnett Bank of Jacksonville, 386 So.2d 894 (Fla. 1st DCA 1980).
We cannot agree with the State that the admission of this hearsay was harmless error, since there were inconsistencies in the identification testimony. The victim testified that the robber wore a red shirt. Clemons was positive that the robber was shirtless and had on yellow shorts. The officer testified that Clemons described the robber as wearing an orange shirt and brown pants, and that he had received a similar description from the victim. Allowing the officer to testify that Robinson, who was not being called as a witness and thus not subject to cross-examination, had given him a description similar to that which he had received from the others, was not harmless. Rather, the officer's testimony made it appear that the identification testimony regarding the robber was consistent, when in fact it was inconsistent.
Another error occurred during voir dire, when the prosecutor stated:
The Defendant has a constitutional protection in the Florida Constitution and the United States Constitution not to testify if he does not want to or his attorney chooses for him not to.
Defendant objected and moved for a mistrial. The court denied a mistrial and instructed the prosecutor not to do it again. This type of comment on defendant's right to remain silent is impermissible. Andrews v. State, 443 So.2d 78 (Fla. 1983).
We don't know what possessed the prosecutor to make the comment about defendant's attorney choosing for defendant not to testify, however, we doubt that it was intended to protect defendant's rights. And the fact that defendant did subsequently testify does not render this comment harmless, since it may have had a coercive effect on defendant's decision to take the stand. Id. at 84.
The court also erred in instructing the jury that:
Proof of the entering of a conveyance stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit a crime if, from the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.
This instruction should only be given where there is a stealthy entry. Vinson v. State, 575 So.2d 1371 (Fla. 4th DCA 1991). In the present case the entry was anything but stealthy, since the robber, in full view of the victim, first tried to open her locked car door, and then smashed the window.
Reversed and remanded for a new trial.
HERSEY and WARNER, JJ., concur.