652 So.2d 506 (1995)
Carlos TROTMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1059.
District Court of Appeal of Florida, Third District.
March 29, 1995.
*507 Bennett H. Brummer, Public Defender and Donald Tunnage, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Doquyen T. Nguyen and Douglas Glaid, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
SCHWARTZ, Chief Judge.
The defendant appeals from his convictions for armed robbery and armed burglary. We are compelled to reverse because of a violation of the Postell[1] rule.
The first witness in the case was the investigating and arresting police officer. Without any evidence concerning the circumstances of the offense, he was permitted to testify, over timely objection, that, after speaking to an unidentified and non-testifying "juvenile," he went to the location of the victim's stolen car and arrested the defendant.[2] It takes no imagination whatever to realize that the only thing that the juvenile could have told the detective was that the defendant was involved in the crime. Since that information was imparted by a person who did not himself testify and was not therefore subject to cross examination, the alleged conversation was no more than hearsay. Reversal is therefore required.
As we have repeatedly held:
When the logical implication to be drawn from the testimony leads the jury to believe that a non-testifying witness has given the police evidence of the accused's guilt, the testimony should be disallowed as hearsay.
Postell v. State, 398 So.2d 851, 855 (Fla. 3d DCA 1981) (citing State v. Bankston, 63 N.J. 263, 307 A.2d 65 (1973)), review denied, 411 So.2d 384 (Fla. 1981); accord Bell v. State, 595 So.2d 232 (Fla. 3d DCA 1992), review denied, 604 So.2d 488 (Fla. 1992); Davis v. State, 493 So.2d 11 (Fla. 3d DCA 1986); Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981); see State v. Baird, 572 So.2d 904 (Fla. 1990). This principle is clearly applicable here. Moreover, since the only other evidence against the defendant was a victim identification, the error may not be regarded as harmless and a new trial is required. See Bell, 595 So.2d at 234; Davis, 493 So.2d at 13; Molina, 406 So.2d at 58.
Reversed and remanded.
NOTES
[1] Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981), review denied, 411 So.2d 384 (Fla. 1981).
[2] The colloquy in question was as follows:

Q. On that day how did you become involved in this case?
A. I interviewed a juvenile.
* * * * * *
Q. Detective, who did you interview?
A. A juvenile.
Q. After you interviewed this juvenile, where did you go?
A. To 50th Street and approximately 14 Avenue.
Q. And what did you find there?
A. A vehicle.
Q. Whose vehicle?
A. The victim's vehicle.
Q. Did you have an opportunity to speak with the victim on that day?
A. Yes, I did.
Q. And what did the victim tell you?
* * * * * *
A. He advised me that his vehicle had been taken from him.
Q. What did he you tell you in reference to that particular vehicle?
A. That was his vehicle.
Q. After that, where did you go on the next day?
A. To the defendant's home.
Q. And what did you do there?
A. Placed the defendant under arrest.