PER CURLAM.
By these consolidated appeals we review a conviction and sentence of contracting without a license and a subsequent order of restitution. We reverse for several reasons. First, the inappropriate comments in opening statement by the state that the defendant was a “career criminal”, Henry v. State, 629 So.2d 1058 (Fla. 5th DCA 1993); Finklea v. State, 471 So.2d 596 (Fla. 1st DCA 1985); Glassman v. State, 377 So.2d 208 (Fla. 3d DCA 1979), second, on the use of hearsay evidence, Trotman v. State, 652 So.2d 506 (Fla. 3d DCA 1995), third, in permitting legal conclusions to be advanced by unqualified witnesses, Gurganus v. State, 451 So.2d 817 (Fla.1984), fourth, in permitting introduction into evidence a document which constituted an opinion that the defendant was guilty, Glendening v. State, 536 So.2d 212 (Fla.1988) cert. denied, 492 U.S. 907, 109 S.Ct. 3219,106 L.Ed.2d 569 (1989), fifth, in failing to properly instruct the jury on the definition of a roofing contractor, see Gerds v. State, 64 So.2d 915 (Fla.1953), and lastly, in the order *587 of restitution (which the state concedes was error). Therefore we return the matter to the trial court for a new trial.