STEVENSON, Judge.
Following his conviction for armed robbery, Berrisford H. Evans, the appellant, challenges the trial court’s denial of his motion for mistrial made after the State failed to produce Teresa Crispino, a witness whose out-of-court identification of Evans was repeatedly mentioned to the jury. On appeal, the State concedes that Crispino’s failure to testify at trial rendered all of the testimony regarding her out-of-court identification of Evans inadmissible hearsay. See § 90.801(2)(c), Fla. Stat. (1997); Hayes v. State, 581 So.2d 121 (Fla.), cert. denied, 502 U.S. 972, 112 S.Ct. 450, 116 L.Ed.2d 468 (1991); State v. Freber, 366 So.2d 426 (Fla. 1978); D’Agostino v. State, 582 So.2d 153 (Fla. 4th DCA 1991). The State contends that the denial of the motion for mistrial was not an abuse of discretion because the admission of such hearsay testimony was harmless given the other evidence presented. We cannot agree.
While it is true that the testimony of another witness who had identified Evans as the perpetrator of the offense was presented, her identification was the more equivocal of the two and was made only after she had learned that her co-worker, Crispino, had made an identification. This fact, coupled with the frequency of the hearsay references to Crispino’s out-of-court identification, and the jury’s request for “the police report from Teresa Crispino reporting the robbery,” make it impossible for us to state, beyond a reasonable doubt, that the error did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986)(“[H]armless error analysis must not become a device whereby the appellate court substitutes itself for *767 the jury, examines the permissible evidence, excludes the impermissible evidence, and determines that the evidence of guilt is sufficient or even overwhelming based on the permissible evidence.”); see also Ciccarelli v. State, 531 So.2d 129, 132 (Fla.1988)(stating with regard to the harmless error analysis, “The court must determine not if there is overwhelming evidence of guilt, but if it can be said beyond a reasonable doubt that the verdict could not have been affected by the error.”)(emphasis in original). Accordingly, we reverse the judgment of conviction and remand for a new trial.
REVERSED and REMANDED.
SHAHOOD, J., and COHN, JAMES I., Associate Judge, concur.