817 So.2d 985 (2002)
Clavon D. PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1370.
District Court of Appeal of Florida, Fourth District.
May 29, 2002.
*986 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
Clavon Perry timely appeals her conviction for aggravated battery. We write to address only one issue on appeal, namely Perry's contention that a non-testifying witness's out-of-court identification was erroneously introduced at trial. Though we agree the admission of such testimony was erroneous, we find such error was harmless, and thus affirm the conviction entered below.
The victim of the battery in question was using a public pay-phone around midnight the night of March 11, 2000. While on the phone he noticed an individual come into his peripheral view. He turned and saw a female, later identified as appellant, standing approximately five to ten feet away. According to the victim, the female was muttering under her breath and seemed visibly upset. The victim turned around and told her he would not be on the phone much longer to which she responded with vulgarity. The female walked away and the victim resumed his phone conversation.
Approximately five minutes later, the victim, still on the phone, heard foot-steps approaching from behind. He turned and saw the same female from before. She appeared to be holding a glass jar with some liquid in it. She told the victim something to the effect of, "I've got something for you" and proceeded to underhand toss the liquid from the jar into his face. The victim suffered chemical burns on his nose, mouth, tongue, lips, and the entire left side of his face, as well as his back, where some of the acid had spilled onto. Shortly thereafter fire rescue and police personnel arrived at the crime scene, where they flushed the victim's left eye with a sterile solution. While he was being tended to, the victim saw the female return to the scene once again.
The next day, the victim contacted the police and told them that he had seen his assailant from the previous night walk into a nearby apartment building. In response to this call, two detectives were dispatched to the apartment building whereby they made contact with appellant. The victim was brought to the apartment where appellant was located; he positively identified her as his assailant.
Appellant admitted to the police that she did not have a phone in her apartment. She further admitted that she was familiar with the pay-phone where the incident had occurred, located approximately 100-150 yards from her apartment, and that she had used that particular pay-phone in the past. However, she denied being at the pay-phone at the time of the incident and stated she had been home watching TV with her fiancé, Larry McNeal, when the crime had occurred. Subsequent to her arrest, the police searched appellant's apartment. They did not find any direct physical evidence (e.g., glass jar, acid) linking her to the crime.
At trial the victim testified the evening of the attack had been a clear evening, and that the pay-phone in question was lit by an overhead light. He was able to discern the individual behind him as a heavyset *987 black female, approximately 5'7" to 5'8" with some distinguishing moles on her face. He testified when the acid was thrown into his face, he was temporarily blinded in the left eye, but unaffected in his right eye. He stated he had never seen appellant before this incident, and that he had had four opportunities to view his assailant (first contact at the phone, the attack, when she returned to the scene, and the next day). He identified appellant in-court as the female who had thrown acid in his face. He further testified his vision had been 20/20 prior to the incident, but now he only had 20/40 vision in his left eye.
The State also offered the testimony of the investigating officer, Detective Dandelet. Dandelet testified, over objection, that the reporting officer, Officer Simcox, had identified appellant in a photographic array as a person he had seen at the crime scene while tending to the victim.
Although appellant did not testify, McNeal, her fiancé, testified on her behalf. He stated appellant had been home, with him, watching TV on the night in question. He stated he had fallen asleep around 11:45 that night, but that he knew appellant had not left the apartment thereafter. He also stated that appellant had never mentioned needing to use the phone that evening. Detective Dandelet was called back to the stand. He testified that he had interviewed McNeal approximately two hours after appellant's arrest on the night in question. McNeal told him that appellant had mentioned she had "had some trouble" with a person at the pay-phone that evening.[1] McNeal was recalled and denied ever talking to Dandelet. The jury ultimately returned a verdict finding appellant guilty as charged.
We hold Detective Dandelet's testimony regarding Officer Simcox's out-of-court identification of appellant, where Officer Simcox did not testify, was inadmissible. The controlling hearsay exception governing the admissibility of out-of court identifications provides:
A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is: ... (c) One of identification of a person made after perceiving the person. § 90.801(2)(c), Fla. Stat. (2001).
Here, the declarant, Simcox, did not testify and was consequently not available for cross-examination. Admission of his out-of-court identification was clear error. See Harrell v. State, 647 So.2d 1016 (Fla. 4th DCA 1994); Puryear v. State, 774 So.2d 846 (Fla. 4th DCA 2000).
Still, we must subject the erroneous admission of the hearsay testimony regarding Simcox's identification to the harmless error test. See Overton v. State, 801 So.2d 877 (Fla.2001). To find this error harmless, this court must be satisfied there is no reasonable possibility that the error contributed to the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We are convinced this harmless error test has been met.
Central to this court's determination of this matter is the fact that Officer Simcox's erroneously admitted identification was not incriminating. Officer Simcox was not an eye-witness to the crime; he arrived at the scene of the crime after the assailant had initially fled. His identification in no way incriminated appellant as the perpetrator of the crime, rather he identified *988 her as "someone" near the crime scene when the victim was being tended to. The record established the pay-phone was located nearby appellant's apartment, and there are an array of innocuous scenarios whereby appellant would be at the crime scene, amongst a number of on-lookers, while the victim was being tended to. One need only drive in bumper-to-bumper traffic caused by "rubbernecking" drivers approaching the scene of a traffic accident for proof of how curious people can be in such situations. We find the instant case inherently distinguishable from those cases where appellate courts have reviewed the presumptively harmful erroneous admission of incriminating hearsay testimony. Cf. Trotman v. State, 652 So.2d 506 (Fla. 3d DCA 1995)(police officer testified over objection that after speaking to an unidentified and non-testifying "juvenile" he went to the location of the robbery/burglary victim's vehicle and arrested the defendant; error in admission was not harmless where the logical implication to be drawn from the officer's testimony leads the jury to believe that a non-testifying witness gave the officer evidence of the defendant's guilt); Davis v. State, 493 So.2d 11 (Fla. 3d DCA 1986); Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981).
We note the State's case rested almost entirely upon the victim's identification of the appellant as his assailant. In finding the erroneous admission of Officer Simcox's identification harmless, we distinguish factually disparate cases where the remaining admissible identifications suffered from infirmities not found here, and the erroneously admitted hearsay could not be found to be harmless. In Harrell, the lower court erroneously admitted an out-of-court identification of the defendant previously made by a non-testifying witness, via the testimony of a police officer. At trial, the victim testified her assailant had been wearing a red shirt; an eyewitness testified the assailant had been wearing yellow shorts and no shirt. However, the police officer testified the same (testifying) eyewitness had described the assailant as wearing an orange shirt and brown pants, and in fact the victim had given a similar description. Further, the officer testified a (non-testifying) witness had given an out-of-court description of the assailant that was "similar" to that given by the victim and the testifying eyewitness. We noted all of the officer's testimony regarding identifications, by both the testifying witnesses and the non-testifying witness, were inadmissible hearsay. Harrell, 647 So.2d at 1017-18. Pertinent to this case, we held the erroneous admission of said testimony was not harmless because the officer made it appear (all) the identification testimony regarding the assailant was "consistent" when in fact it was not. Id. at 1018. In Evans v. State, 721 So.2d 766 (Fla. 4th DCA 1998), the lower court erroneously admitted an out-of-court identification of the defendant previously made by a non-testifying eyewitness. We found such error was not harmless, where the only other evidence was an identification by the victim that had been made only after the victim learned the non-testifying eyewitness, her co-worker, had made an identification of the perpetrator and the victim's identification was "more equivocal" than that made by the non-testifying witness. Id. at 766-67 (noting the prosecutor made frequent references to the out-of-court identification and the jury specifically requested the "police report from the [non-testifying witness] reporting the crime" in deliberations; could not hold erroneous admission of non-testifying witness's out-of-court identification was harmless). Here, the victim offered the only testimony identifying Perry as his assailant. He testified he had a number of opportunities [four] to view her and his description of *989 her was accurate, consistent, and unwavering. In addition the remaining record evidence, both the circumstantial evidence (e.g., appellant did not have a phone) and appellant's alibi witness, whose credibility was questionable at best, certainly did not weigh in appellant's favor. On these facts we are satisfied there is no reasonable probability the erroneous admission of Officer Simcox's identification of Perry as "someone" near the crime scene after the fact contributed to the guilty verdict.
We find appellant's additional points on appeal unpersuasive, and accordingly affirm the conviction and sentence entered below.
STONE and GROSS, JJ., concur.
NOTES
[1] Appellant contends this otherwise admissible prior inconsistent statement was improperly used during closing arguments. This point was not raised below, and where this court cannot find fundamental error, is deemed waived on appeal. See Lee v. State, 779 So.2d 607 (Fla. 2d DCA 2001); Mogavero v. State, 744 So.2d 1048 (Fla. 4th DCA 1999).