GODERICH, Judge.
The defendant, Darrian Mark Lawrence, appeals from his convictions and sentences for first degree murder, shooting or throwing a deadly missile, and possession of a firearm while engaged in a criminal offense. We reverse and remand for a new trial.
The defendant’s appeal raises two issues that merit discussion. First, the defendant contends that during voir dire the trial court erred by overruling his objections and by denying his motions to strike the four panels of prospective jurors because the State repeatedly and extensively commented on his right to remain silent. We agree.
Any remark which is “fairly susceptible” of being interpreted as a comment on the defendant’s failure to testify is an impermissible violation of the constitutional right to remain silent. State v. Kinchen, 490 So.2d 21, 22 (Fla.1985).
In Andrews v. State, 443 So.2d 78, 83 (Fla.1983) the trial court gave the following opening instruction to the jury:
The Defense may or may not call witnesses. The Defense is not required to call any witnesses nor is the defendant required to take the stand.
The Florida Supreme Court found that, absent a cautionary instruction to the jury not to draw any inference of guilt from the defendant’s failure to take the stand in his own defense, such instruction was improper. Andrews, 443 So.2d at 84. In Harrell v. State, 647 So.2d 1016, 1018 (Fla. 4th DCA 1994), the Fourth District cited Andrews and found that the following comment made by the prosecutor during voir dire was impermissible:
The Defendant has constitutional protection in the Florida Constitution and the United States Constitution not to testify if he does not want to or his attorney chooses for him not to.
In Connelly v. State, 744 So.2d 531, 532 (Fla. 2d DCA 1999), the Second District found that the prosecutor’s hypothetical wherein the defendant was compared to a person testifying before a congressional hearing who “pleads the Fifth” was an improper comment on the defendant’s right to refrain from taking the stand.
Similarly, in the instant case, a review of the transcript shows that during voir dire, the prosecutor repeatedly made improper comments to four panels of prospective jurors regarding the defendant’s right to remain silent. The improper comments are detailed below.
When interviewing the first panel, the State asked a prospective juror whether it would concern him “if either the defendant didn’t testify or no witnesses were'called in his behalf?” The State then advised the jurors as follows:
*957 [Defendant and the defense attorneys have an absolute right not to do anything. At the conclusion of the trial the Judge will give you a list of rales that she will tell you to follow in evaluating the testimony of all the people who were called to the witness stand.... Those rules and the instructions says explicitly, those rales apply to everyone. They apply to everyone who comes to testify, everybody called by the prosecution and they apply to everyone called by the defense. If they call anybody, they call the defendant, if they call any witnesses they are to be treated with the same rales and same critical eye that you would apply to the state’s witnesses. Now, often times when a defendant testifies there is implicitly a feeling that you know there is a special set of rales that should apply to him because he is testifying and he didn’t have to. That isn’t the law. He gets the same, as I said, critical eye as everyone else does.
The State then asked a prospective juror, “If the defendant testifies in this case or if there are any witnesses called by the defense, would you apply, treat them just as you do any of the state’s witnesses?” The State concluded this line of inquiry as follows:
[Y]ou know we have all been doing this a long time, trying these cases and often times the most important moment in a trial is if the defendant testifies. And all of a sudden anybody who has been nodded off isn’t nodding off anymore. And they are looking and there is just a heightened sense of expectation. That is fine. You can expect whatever you want to expect. But is there anybody who thinks if he testifies or if they call any witnesses and I know they don’t have to, that is going to be the more important to me than the witnesses that the state calls? ...
Shortly thereafter, when objecting on another basis to a different line of questioning, defense counsel complained that the prosecutor “went on about the defendant’s testifying and not testifying.” Defense counsel then moved to strike the jury panel arguing that the State’s questioning constituted improper comments on the defendant’s right to remain silent. The court denied the motion finding that the State did not comment on the defendant’s right to remain silent.
When questioning the second panel of prospective jurors, the State asked a prospective juror how she would feel if she did not hear from the defendant. The State asked another juror “[I]f the defendant doesn’t testify, would that raise any concerns in the minds of any of you in deciding your verdict, guilty or not guilty?” Defense counsel objected and explained at a side bar conference as follows:
Judge, I believe that [the prosecutor] has some comments on the defendant’s right to remain silent. I think that is inappropriate. I think he did it during the first jury selection for the panel. I think that these questions are impermissible. I think that by asking the jury to consider whether he has to testify or not testify he is challenging the defendant to testify and even he is making comments on the right for the defendant to remain silent and it is a violation of his Fifth Amendment right as it is protected by the constitution of the United States and we move to strike the venire.
The trial court denied the motion finding that this was not a comment on the defendant’s right to remain silent but rather a question about the jury’s ability to follow the law. The State continued and asked a juror whether she could “apply the same rules to an evaluation of the defendant’s testimony if he testifies or to any other witnesses called by the defense with the same critical eye as you would to any of *958 the state’s witnesses.” The State explained as follows:
Often times the most critical or riveting moment in a trial is when the defendant testifies. You know, some of you may during the testimony of some of state’s witnesses be less interested than you are in some other testimony that we will offer. But when the defendant testifies, if he testifies, every eye looks at that witness stand. And often times the concern that we have is that because he is testifying when you know that he didn’t have to, you are not applying the same rules to him as you would to everyone else.
The State explored similar lines of questioning with the third and fourth panels. Defense counsel objected each time and moved to strike each of the jury panels. Each time, the trial court denied the motion and found that the State’s questioning was not a comment on the defendant’s right to remain silent. Prior to the questioning of the fourth panel, the trial court specifically found that the issue had been preserved for appeal and instructed defense counsel that no further objections need be made. After the jury had been selected, but prior to the jury being sworn, defense counsel renewed all prior objections and indicated that he was not accepting the jury based on those prior rulings.
In the instant case, the prosecutor’s comments clearly focused on the defendant’s right to remain silent and his decision to testify or not testify. The prosecutor even told jurors that the defendant testifying might be the most “critical or riveting” moment of the trial. Further, although the State did mention that it was the defendant’s decision whether to testify or not testify, there was never a cautionary instruction given that no adverse inference could be drawn from the defendant’s failure to testify. Andrews, 443 So.2d at 84. As the Andrews Court explained, “Without the cautionary instruction, the jurors were free to infer or speculate that a defendant who does not testify must surely be guilty, otherwise he would take the stand on his own behalf.” Andrews, 443 So.2d at 84.
Although such comments are subject to harmless error analysis, State v. Marshall, 476 So.2d 150 (Fla.1985), the State has not demonstrated “beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135, 1138 (Fla.1986). In the instant case, the State presented the testimony of two witnesses who connected the defendant to the crimes charged; however, both had credibility issues as they had both been convicted of crimes and one was testifying as part of a federal plea agreement. In turn, the defense presented the testimony of an eyewitness who was the victim’s cousin who stated that the defendant was not the shooter. Therefore, the State cannot show beyond a reasonable doubt that this error was harmless.
Next, we discuss the defendant’s second issue on appeal as it will likely recur on remand. The defendant contends that the trial court erred by allowing the State, over defense objection, to knowingly call a witness for the primary purpose of impeaching that witness with a prior statement that would otherwise be inadmissible. Morton v. State, 689 So.2d 259, 264 (Fla.1997), receded from in part on other grounds, Rodriguez v. State, 753 So.2d 29 (Fla.), cert. denied, 531 U.S. 859, 121 S.Ct. 145, 148 L.Ed.2d 96 (2000). We disagree.
In State v. Richards, 27 Fla. L. Weekly D1797, D1798, 2002 WL 1801000, — So.2d - , - (Fla. 3d DCA Aug.7, 2002) (citations omitted), this Court held that a witness must be evaluated as a whole and that “ ‘[i]f the testimony is useful to establish any fact of consequence *959 significant in the contest of litigation, the witness may be impeached by a prior inconsistent statement as to any other matter testified to.’ ”
In the instant case, the defendant’s ex-girlfriend was called for a “legitimate forensic purpose” as she was present at the time of the shooting of the victim. Richards, 27 Fla. L. Weekly at D1798, — So.2d at-. As a result, the general rule that “ ‘the party calling the witness should usually be permitted to impeach the witness with a prior inconsistent statement’ ” applies to her, Richards, 27 Fla. L. Weekly at D1798, — So.2d at-(quoting Morton, 689 So.2d at 264), and the State was entitled to impeach her with her prior inconsistent statement that the defendant had confessed that he had shot the victim.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.