832 So.2d 264 (2002)
K.V., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-134.
District Court of Appeal of Florida, Fourth District.
December 11, 2002.
*265 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Sandra Braverman, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
K.V. appeals his judgment of conviction for burglary. During the trial, the state called the victim, a schoolmate of K.V., as its first witness and asked the witness why he had chosen to stay home from school on the day of the alleged burglary. Counsel for the defendant objected to the question on the grounds of hearsay. The state replied that the statement was not being used for the truth of the matter asserted, rather it was being uses to explain why the child "did what he did." The trial court allowed the response to come in. The response was "[A] bunch of my friends told me that [D.] and [K.V.] were going to break into my house." On appeal, K.V. asserts that the statement was hearsay and that the trial court committed reversible error by allowing it to come in. We agree.
As this court has previously noted, "[t]he standard of review of a trial court's decision on the admissibility of evidence is generally that wide discretion is given. Evidentiary rulings will not be disturbed unless there is a showing of an abuse of discretion." Denny v. State, 617 So.2d 323 (Fla. 4th DCA 1993). The abuse of discretion standard applies in cases where the proponent of the evidence is seeking to have it come in under a hearsay exception. See, e.g., Cotton v. State, 763 So.2d 437 (Fla. 4th DCA 2000) (Question of whether statement falls within excited utterance exception is reviewed under abuse of discretion standard). However, the question of whether evidence falls within the statutory definition of hearsay is a question of law. "Appellate courts review questions of law by determining whether the trial judge decided the issue correctly." Holland v. Gross, 89 So.2d 255 (Fla.1956). In this case, the appellee is not arguing that the statement falls within a hearsay exception. Rather, the argument made is that the statement is not coming in for the truth of the matter asserted and is thus not hearsay by definition. Whether or not the statement is hearsay is a legal question *266 subject to de novo review. We conclude that the contested statement in this case fits squarely within the statutory definition of hearsay. Therefore, we also conclude that the trial court decided the issue incorrectly and the admission of the statement was erroneous. As a result, we reverse appellant's conviction and sentence for burglary and remand for a new trial.
Section 90.801, Florida Statutes, defines hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." In addition, the Florida Supreme Court has held that "when the only possible relevance of an out-of-court statement is directed to the truth of the matters stated by a declarant, the subject matter is classic hearsay even though the proponent of such evidence seeks to clothe such hearsay under a non-hearsay label." Banks v. State, 790 So.2d 1094 (Fla.2001).
An out-of-court statement that is not being offered for its truth, but is being offered for another purpose, is admissible only when the other purpose is a material issue in the case. State v. Baird, 572 So.2d 904 (Fla.1990); C. Ehrhardt, Florida Evidence § 801.2(2d ed.1984). In Baird, the Florida Supreme Court noted that an out of court statement relating to accusatory information, being used to show a sequence of events, is inherently prejudicial. Id. In Baird, the court did not permit a police officer to testify as to the specific information contained in a tip he received, but held that the officer may simply testify that he had relied on a tip. Id.
In this case, K.V. asserts not only that the statement "A bunch of my friends told me that [D.] and [K.V.] were going to break into my house," is hearsay, but that the statement is otherwise irrelevant. We agree.
On appeal, the state argues that even if the admission of this statement was error, such error was harmless. To find this error to be harmless, this court must find that there is no reasonable possibility that the error contributed to the verdict. Perry v. State, 817 So.2d 985 (Fla. 4th DCA 2002)(Error of admitting hearsay statement deemed harmless as it was not incriminating and case relied on victim's testimony.)
In this case, the victim was one of two state witnesses. More importantly, he was the only witness that identified K.V. This case presents the exact opposite situation that this court faced in Perry, 817 So.2d 985. In Perry, the improperly admitted hearsay statement was deemed to be harmless because it was not incriminating and there was another witness, the victim, that identified the defendant. Id. In this case the statement is clearly incriminating and was presented by the only witness identifying K.V. as the perpetrator. As a result, we find it impossible to say that there is no possibility that this statement contributed to the verdict and therefore the error cannot be deemed harmless. We hereby reverse appellant's conviction and sentence for burglary and remand for a new trial.
GUNTHER and WARNER, JJ., concur.