RAMIREZ, J.
We grant the State of Florida’s petition for writ of certiorari and quash the trial court’s order excluding from evidence the resident alien card, the photograph of respondent Matthew Cooper, the field interview card, and any testimony regarding said items.
On April 17, 2001, Officers Rosario and Watson responded to a domestic disturbance call. The officers encountered Cooper outside the residence and he requested assistance in retrieving his belongings from the house. Officer Rosario entered the home to speak with a female who was identified as Lily Williams. Williams became upset, retrieved an alien identification card from Cooper’s room, gave it to Officer Rosario and told the officer to run a check on it.
After making inquiries, Officer Rosario determined that the card belonged to the victim of an armed robbery which had occurred at a nearby gas station on March 25, 2001. The card had been in the victim’s wallet when the wallet was taken during the robbery.
The officers then photographed Cooper and turned over the photograph, the field interview card and the alien identification card to a detective from the robbery unit. The robbery victim identified Cooper as the robber from a photographic lineup using a different photograph.
The trial court excluded the photograph taken on April 17, the field interview card, and any testimony regarding either one, as inferential hearsay pursuant to Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981) and Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981). The alien identification card was excluded as not relevant to prove Cooper’s guilt. The State has conceded that Williams probably will not be testifying.
We find Postell and Molina to be inapplicable in this case. In Postell, the State sought to bolster a shaky victim identification through detailed testimony of a police officer concerning the statements of a non-testifying eyewitness who identified Postell as the robber. The statements were given at the scene of the robbery, immediately after the robbery, and caused the officer to proceed directly to Postell’s residence and place him under arrest. As in Molina, this Court held in Postell that where the inescapable inference drawn from the testimony is that the non-testifying witness furnished direct evidence of the defendant’s guilt, the testimony is hearsay, notwithstanding that the actual statements made by the non-testifying witness are not repeated.
*379 In the present case, the non-testifying witness did not provide the police with evidence of Cooper’s guilt. The identification card was not acquired in the course of the robbery investigation. Williams did not make any statements regarding Cooper’s guilt nor did she claim to be an eyewitness to the armed robbery. See Hernandez v. State, 547 So.2d 138 (Fla. 3d DCA 1988) (It was harmless error to allow the detective to testify that he began looking for the defendant after various interviews because the non-testifying witnesses were not eyewitnesses and the nature of the information they gave was vague.). All Williams said was that the card should be checked out. The identification card was not direct evidence of guilt which led to Cooper’s immediate arrest, but merely the initial step in good police work which eventually led to an arrest. Testimony that Officer Rosario acquired the card at Cooper’s residence, without details, does not necessarily lead to the logical conclusion that a non-testifying witness gave the police evidence of Cooper’s guilt. Additionally, the testimony is permissible to explain the robbery investigation. See State v. Baird, 572 So.2d 904 (Fla.1990). However, the trial court is not precluded from excluding hearsay testimony as to what Williams said on the night of the domestic violence call, whether or not she testifies at trial.
We therefore conclude that the alien identification card which the non-testifying witness provided the police officer did not constitute hearsay. The photograph, as well as the field interview card, are likewise admissible as non-hearsay. The trial court ruled that the alien identification card was not relevant. We disagree. If Cooper had possession of the card, which was taken from a robbery victim, the probative value outweighed its prejudicial effect. The State, however, may be unable to lay a predicate for the admission of the card without Williams’ testimony. That issue is not before us at this time.
Petition granted.