937 So.2d 235 (2006)
John W. ROMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1453.
District Court of Appeal of Florida, Third District.
September 1, 2006.
*236 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Defendant appeals his conviction and sentence for sexual battery and strong arm robbery, claiming error in the admission of hearsay evidence. We reverse.
Defendant was charged and tried for sexual battery with a deadly weapon and strong arm robbery in connection with the assault of the victim K.D., on November 10, 2001. On that day, the victim, a 25-year-old resident of Broward County, came to South Miami to visit her boyfriend. The couple went to several bars and parties where they were drinking. At a Cutler Ridge bar, where they met friends, a dispute arose between the victim and her boyfriend. The boyfriend left. After waiting for a while for one of the friends to take her home, the victim decided to take a bus instead. At a gas station, the victim met a man who said his name was Jose. Jose warned her that she was in a bad neighborhood and told her he would walk her to the bus stop. They then went to an Amoco station where the victim withdrew $20 from an ATM machine. The victim and Jose got on a bus traveling south, although the victim thought she was going north. After ten minutes, Jose told the victim that she had reached her stop. *237 On the pretext of finding a pay phone, Jose lured the victim to the back of a gas station where the assault took place. After her assailant left, the victim made a hysterical call to 911. The victim told the police that the man was wearing a short-sleeve white shirt, but she saw no tattoos on his arms. A videotape from the Amoco station showed the victim with a man fitting the general description given; however, it was not clear enough to determine if the man had tattoos on his arms.
Defendant, who has multiple tattoos on both arms, was arrested four days later. The victim identified defendant as her assailant in both a photo lineup and in court. While testifying about the videotape from the Amoco station, Detective Kraten stated: "I could see her on tape as well as another male who matched the description that she had given me and they were at the counter and obviously conversing . . . and from those tapes and speaking to the store [at this point, defense counsel's hearsay objection was overruled] I was able to obtain the identity of the person who was on the videotape." The detective testified that defendant had worked at the Amoco station where the videotape was made and was located and arrested at a nearby restaurant where he was then working. Defense counsel moved for a mistrial on the grounds that defendant's right to confrontation was violated. He argued that the only conclusion that the jury could draw from the evidence was that the Amoco employee, who did not testify, knew defendant and recognized him on the videotape. The motion for a mistrial was denied. In closing, the prosecutor again referred to Detective Kraten's testimony stating: "He found out that that man, Jonathan Roman used to work at the Amoco. Used to work there at the same gas station where he is caught on tape. Think about it." Defense objection to the argument was again overruled. The jury found defendant guilty as charged.
The trial court erred in admitting the objected-to testimony even though Detective Kraten did not actually repeat the statements made by the Amoco employee. "Where . . . the inescapable inference from the testimony is that a non-testifying witness has furnished the police with evidence of the defendant's guilt, the testimony is hearsay, and the defendant's right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated." Postell v. State, 398 So.2d 851, 854 (Fla. 3d DCA 1981). See also Keen v. State, 775 So.2d 263 (Fla.2000); Trotman v. State, 652 So.2d 506 (Fla. 3d DCA 1995). We cannot agree with the State's contention that the objectionable testimony did not furnish evidence of defendant's guilt or that it was harmless. The only evidence connecting defendant to the crime was the victim's identification and the videotape from the Amoco station. The victim's identification was weakened by the fact that she had been drinking extensively prior to the incident. Also, her description of her assailant, with whom she spent considerable time, did not include the tattoos which would have been visible on an assailant wearing a short-sleeved shirt. The videotape was not clear enough for someone unfamiliar with the defendant to identify him. However, Detective Kraten indicated that from the tape and his conversation with the Amoco employee, who knew the defendant, the detective was able to identify the defendant. The only reasonable inference, therefore, is that the Amoco employee recognized defendant on the videotape and supplied the detective with his name and location. Clearly, the admission of this hearsay evidence was improper.
Reversed and remanded for a new trial.