CASANUEVA, Judge,
Concurring.
I fully concur with the majority opinion but write separately to discuss two eviden-tiary issues that arose during the trial. While the admission of the testimonies was, in my view, error, the error in this instance was harmless.
The initial evidentiary issue concerned the following excerpt of Officer Robbins’ testimony regarding inculpatory information received from a nontestifying witness:
ROBBINS: So for officer safety reasons, we made contact with that gentleman.
STATE: Well, that gentleman that you contacted, was [sic] his characteristics consistent with what the neighbor had told you?
ROBBINS: That is correct.
DEFENSE: Objection, Judge.
COURT: Excuse me?
DEFENSE: Calls for hearsay. Move to strike that.
STATE: That’s not hearsay.
COURT: Okay, overruled.
Section 90.801(l)(c), Florida Statutes (2010), defines hearsay as “a statement, *517 other than one made by the declarant while testifying at trial ... offered in evidence to prove the truth of the matter asserted.” Generally, hearsay evidence is inadmissible. § 90.802.
Here, the State introduced evidence from an unknown neighbor declarant regarding the physical description of the individual observed by the neighbor. Clearly, it was being offered for the truth of the matter; that is, that Mr. Diaz matched the physical description provided by the neighbor. As such, it was hearsay.
A similar situation was presented in Roman v. State, 937 So.2d 235 (Fla. 3d DCA 2006), where the defendant was convicted of sexually battering a victim behind an Amoco station. The detective investigating the crime viewed the store’s videotape which showed the victim and her assailant at the store conversing at the counter shortly before the battery. The detective spoke to a store employee who recognized the defendant on the tape as a former employee of the store. Based on the store employee’s information and the fact the man in the videotape matched the description the victim had given him, the detective arrested the defendant. At the trial, the victim and detective testified but the store employee did not. When the detective testified that he was able to obtain the identity of the defendant after viewing the videotape and speaking to the store employee, a defense hearsay objection was overruled. Id. at 237. The Third District reasoned that “ ‘[w]here ... the inescapable inference from the testimony is that a non-testifying witness has furnished the police with evidence of the defendant’s guilt, the testimony is hearsay, and the defendant’s right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated.’ ” Id. (quoting Pos-tell v. State, 398 So.2d 851, 854 (Fla. 3d DCA 1981)).
Here, as in Roman, the officer’s similar testimony about what a nontestifying witness told him constituted inadmissible hearsay, and the trial court erred in failing to sustain defense counsel’s objection.
A second mistakenly overruled defense hearsay objection occurred at trial when the State was attempting to prove Mr. Diaz’s involvement in the grow house operation. This time, the State sought to place before the jury Mr. Diaz’s street address that was listed on his booking sheet as his home address. To admit this testimony, the State offered the custodian of the record but not the testimony of the deputy who prepared the booking sheet. The records custodian testified that she did not interview Mr. Diaz, another deputy had done so. Accordingly, she did not know if the address information had been provided by Mr. Diaz or from a different source.
By using the address on the booking sheet, the State was seeking to admit the address for the truth of the matter asserted, i.e., this address was, in fact, Mr. Diaz’s home. The evidentiary situation is one often referred to as hearsay within hearsay or double hearsay. “Hearsay within hearsay is not excluded under the hearsay rule, ‘provided each part of the combined statements conforms with an exception’ to the rule.” Love v. State, 971 So.2d 280, 286 (Fla. 4th DCA 2008) (quoting § 90.805, Fla. Stat. (2006)).
To overcome a double hearsay objection, the State was first required to establish the booking report as a business record exception pursuant to section 90.803(6)(a).
“In order to lay a foundation for the admission of a business record, it is necessary to call a witness who can show that each of the foundational requirements set out in the statute is present. *518 It is not necessary to call the person who actually prepared the document.”
Twilegar v. State, 42 So.3d 177, 199 (Fla.2010) (quoting Forester v. Norman Roger Jewell & Brooks Int’l, Inc., 610 So.2d 1369, 1373 (Fla. 1st DCA 1992)). Here, the record reflects that the State met this evidentiary foundation. The records custodian testified that the booking sheet was made at or near the time the event was recorded, that it was kept in the ordinary course of the sheriffs regularly conducted business activity, that it was the regular practice of the sheriffs office to make a record of the booking process, and that the deputy who completed the booking report had knowledge of the process and made the booking report from information transmitted by appropriate services. See Yisrael v. State, 993 So.2d 952 (Fla.2008); Charles W. Ehrhardt, Florida Evidence § 803.6 (2012 ed.).
It is the second hearsay exception that the State failed to satisfy. Section 90.803(18) permits the introduction of a statement “that is offered against a party and is: (a) the party’s own statement.” The deputy who filled out the booking sheet and who allegedly received this address from Mr. Diaz himself would have been competent to provide the desired testimony under section 90.803(18) had the deputy been called. But this deputy did not testify and there was no other evidence establishing that it was Mr. Diaz who made the statement. In the absence of such testimony, the State failed to carry its burden of proving the second exception to the hearsay rule, and the trial court erred in admitting the challenged testimony.
However, despite these errors, the record demonstrates that the errors individually and collectively are harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).