480 So.2d 1284 (1985)
Barry Gilbert O'CONNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 64565.
Supreme Court of Florida.
November 27, 1985.
Rehearing Denied January 30, 1986.
*1285 Michael E. Allen, Public Defender and Steven L. Bolotin, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
This is a direct appeal from convictions of first-degree murder and a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
O'Connell was convicted of two convenience store robbery-murders. The jury recommended a sentence of death for each murder count, and the trial judge imposed the death sentence. The court found the presence of three aggravating circumstances and no mitigating circumstances.
At O'Connell's trial, the state sought to introduce evidence that O'Connell had been involved in a collateral crime of robbery and attempted kidnapping occurring after the murders and that when police officers attempted to arrest him for this collateral crime, he fled. The trial court excluded testimony concerning the subsequent collateral crimes but, over defense counsel's objections, permitted the state to introduce the testimony of sheriff's deputies regarding the car chase that eventually led to O'Connell's arrest. O'Connell argues that this testimony deprived him of a fair trial in violation of the sixth and fourteenth amendments to the United States Constitution. He relies on a line of federal cases holding "flight evidence" inadmissible where it showed a consciousness of guilt of a different crime than the one charged. United States v. Borders, 693 F.2d 1318 (11th Cir.1982), cert. denied, 461 U.S. 905, 103 S.Ct. 1875, 76 L.Ed.2d 807 (1983); United States v. Beahm, 664 F.2d 414 (4th Cir.1981); United States v. Myers, 550 F.2d 1036 (5th Cir.1977), cert. denied, 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978). Appellant's argument is misplaced, however, for we do not consider it necessary to determine whether this evidence could be admitted for the purpose of showing flight from which the consciousness of guilt could be inferred. In the present case the jury was never instructed on flight evidence to infer consciousness of guilt. Flight is only a circumstance of guilt, to be considered by a jury under an appropriate charge. Williams v. State, 268 So.2d 566 (Fla. 3d DCA 1972). The cases cited by appellant concern situations where the defendant on appeal contends the trial court erred in instructing the jury on flight.
We do agree with the state that this evidence was properly admitted because it was relevant to an issue of material fact. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). When the police apprehended appellant after the high speed chase, he was carrying a gun which ultimately turned out to be the murder weapon. The circumstances surrounding appellant's arrest were crucial to link appellant with the murder weapon after the charged crimes had been committed. Without this evidence, the state could not connect the *1286 defendant with the murder weapon, an essential element of the case. The trial court has wide discretion in areas concerning the admission of evidence, and we will not disturb its ruling unless an abuse of discretion is shown. Welty v. State, 402 So.2d 1159 (Fla. 1981); Booker v. State, 397 So.2d 910 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981). Appellant has not shown the trial court abused its discretion in allowing the state to introduce the relevant evidence of the apprehension of appellant and the murder weapon.
We also agree with the state that the trial judge did not err in refusing to grant a mistrial when a state witness testified that the Cadillac in which appellant attempted to elude police had been reported stolen. Since we hold today that any evidence relating to the apprehension of appellant via the car chase was relevant to link appellant to the murder weapon, it follows that this comment could not be so prejudicial as to vitiate the entire trial. Cobb v. State, 376 So.2d 230 (Fla. 1979).
Appellant argues that two "death-scrupled" jurors were excluded for cause in violation of the principles enunciated in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). The standard for juror exclusion has been relaxed somewhat, however, by the United States Supreme Court in Wainwright v. Witt, ___ U.S. ___, 105 S.Ct. 1415, 84 L.Ed.2d 801 (1985). The Witt Court adopted a test from Adams v. Texas, 448 U.S. 38, 45, 100 S.Ct. 2521, 2526, 65 L.Ed.2d 581 (1980), to wit:
This line of cases establishes the general proposition that a juror may not be challenged for cause based on his views about capital punishment unless those views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath. The State may insist, however, that jurors will consider and decide the facts impartially and conscientiously apply the law as charged by the Court.
Whether or not this standard had been met in the present case is not determinative, however, because we do agree with appellant that the trial judge committed reversible error when he did not allow defense counsel to examine excluded jurors on voir dire. Florida Rule of Criminal Procedure 3.300(b) provides that after a panel of prospective jurors has been sworn:
(b) Examination. The court may then examine the prospective jurors collectively. Counsel for both State and defendant shall have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror may be determined by the court. The right of the parties to conduct an examination of each juror orally shall be preserved.
In the present case, two jurors who, when examined by the prosecutor, stated that they were opposed to the death penalty, were excluded for cause by the trial judge, over defense counsel's objection that he had had no opportunity to examine these jurors or try to rehabilitate them. The trial judge noted counsel's objections, but stated:
Some of these people that Terry  I don't believe could rehabilitate under any stretch of the imagination because I wouldn't accept a change of moral values between now and the hour he gets through... . That's right. And as I pointed out before, they wouldn't impose it under any circumstances, they would not be heard to change their minds in an hour.
We agree that "there may be situations where the trial court is justified in curtailing voir dire, [and where] it has considerable discretion in determining the extent of counsel's examination of prospective jurors." Williams v. State, 424 So.2d 148, 149 (Fla. 5th DCA 1982) (citing Slaughter v. State, 301 So.2d 762 (Fla. 1974), cert. denied, 420 U.S. 1005, 95 S.Ct. 1448, 43 L.Ed.2d 763 (1975); and Kalinosky v. State, 414 So.2d 234 (Fla. 4th DCA), review denied, 421 So.2d 67 (1982)). Here, however, the trial court's refusal to allow the defense an opportunity to examine the two "death-scrupled" jurors cannot be justified *1287 as an exercise of "control of unreasonably repetitious and argumentative voir dire questioning," Jones v. State, 378 So.2d 797 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1114 (1980), since defense counsel never got to ask either of them a single question. In contrast, the prosecutor not only had the opportunity to question each juror individually, he was also permitted to re-examine the jurors after defense counsel had questioned them and in several cases after defense counsel had challenged them for cause, for the purpose of rehabilitating them. This double standard on the part of the trial judge amounted to a violation of due process.
We also agree with appellant's assertion that the trial court should have granted his challenges for cause against three prospective jurors who would automatically recommend a sentence of death in a capital case. The case at bar is controlled by Thomas v. State, 403 So.2d 371, 375 (Fla. 1981), in which we held that the trial court erred in denying the challenge for cause to a juror who admitted that he could not "recommend any mercy" in any required sentencing phase under any circumstances. In so holding we noted that such bias against the defendant in the sentencing aspect of a capital case amounts to a "fundamental violation ... [of] the express requirements in the sixth amendment to the United States Constitution and in article I, section 16, of the Florida Constitution, that an accused be tried by `an impartial jury'." 403 So.2d at 375.
We conclude that the combination of the two errors: 1) refusing to allow defense counsel to examine excluded jurors on voir dire, and 2) refusing to excuse three jurors for cause who would automatically recommend death in a capital case permeated the convictions themselves and therefore warrant a new trial.
Accordingly, we reverse appellant's convictions, vacate the sentence of death and remand to the circuit court for a new trial.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.
EHRLICH, J., dissents.