547 So.2d 138 (1988)
Rangel HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-977.
District Court of Appeal of Florida, Third District.
December 20, 1988.
Rehearing Denied August 23, 1989.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before HUBBART and FERGUSON, JJ. and DOWNEY, JAMES C., Associate Judge.
PER CURIAM.
This is an appeal by the defendant Rangel Hernandez from a judgment of conviction and sentence for second-degree murder which was entered upon an adverse jury verdict. The sole point raised on appeal is that the trial court committed reversible error in admitting in evidence, over objection, certain hearsay testimony of Detective Wayne Fleming and Helen Fernandez, both important state witnesses at trial. We affirm based on the following briefly stated legal analysis.
First, Detective Fleming was allowed to testify that as a result of interviews with various witnesses he began looking for the defendant in the case. Assuming without deciding that this was inadmissible hearsay, but see Johnson v. State, 456 So.2d 529, 530 (Fla. 4th DCA 1984), rev. denied, 464 So.2d 555 (Fla. 1985), we conclude that the error in admitting the testimony was entirely harmless. This is so because, unlike Postell v. State, 398 So.2d 851 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla. 1981) and its progeny, the non-testifying witnesses in this case were not eyewitnesses to the crime charged herein and it is not clear from this record what incriminating information they gave to Detective Fleming. Given the vague nature of this testimony and the other evidence of guilt in this case, we are unwilling to upset this conviction on this and other technical errors complained of in Detective Fleming's testimony. See McGriff v. State, 497 So.2d 1296, 1298 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1042 (Fla. 1987); Allen v. State, 474 So.2d 261 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla. 1986); Barnes v. State, 470 So.2d 851 (Fla. 1st DCA 1985); Holmes v. Wainwright, 389 So.2d 1233 (Fla. 5th DCA 1980).
Second, Helen Fernandez was allowed to testify that a third party gave her a gun after an argument between the defendant and the deceased shortly before the homicide, told her to hide the gun and told her why (although the exact reason was never stated). Even if inadmissible as hearsay, we decline to reverse the instant *139 conviction based on the admission of this testimony. The admonition to hide the gun, the alleged hearsay portion of this evidence, added little to the state's case; the error in admitting such testimony was therefore entirely harmless, see State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Hill v. State, 459 So.2d 434 (Fla. 3d DCA 1984); cf. Priestly v. State, 450 So.2d 289, 291 (Fla. 4th DCA 1984).
AFFIRMED.