575 So.2d 796 (1991)
Annette Marie GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0039.
District Court of Appeal of Florida, Fourth District.
March 13, 1991.
*797 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant raises several issues, two of which we conclude to have merit. Accordingly, we reverse and remand for a new trial.
The first is that the trial court erred in striking two jurors who expressed doubt that they could be impartial due to their feelings about alcohol and drug use. Appellant objected at trial to the trial court's failure to allow appellant to examine either juror before they were excused. Appellant appropriately relies on O'Connell v. State, 480 So.2d 1284 (Fla. 1985), in which the supreme court found the trial court committed reversible error when it did not allow defense counsel to examine excluded jurors on voir dire.
In O'Connell, two jurors who, when examined by the prosecutor, stated that they were opposed to the death penalty were excluded for cause by the trial court over defense counsel's objection that he had had no opportunity to examine these jurors or try to rehabilitate them. Id. at 1286. The supreme court noted the difference between the situation in O'Connell and cases in which the trial court is justified in curtailing voir dire because of the need to control unreasonably repetitious and argumentative voir dire questioning. Id. at 1286-87.
As in O'Connell, no examination of the two jurors was permitted in the instant case. Applying the holding of O'Connell to the instant case leads to the conclusion that the trial court did err reversibly.
The second is that the trial court erred in allowing the state to use peremptory challenges to remove two black jurors. On retrial the trial court and prosecutor are obligated to comply with the requirements of State v. Neil, 457 So.2d 481, 486-87 (Fla. 1984); Roundtree v. State, 546 So.2d 1042 (Fla. 1989); Shelton v. State, 563 So.2d 820 (Fla. 4th DCA 1990); and Floyd v. State, 569 So.2d 1225, 1229 (Fla. 1990).
GLICKSTEIN, J., and WALDEN, JAMES H., (Retired), Associate Judge, concur.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would affirm. In my judgment, there was no abuse of discretion as to either issue.
The court's decision to excuse the jurors is supported by the record. The defense had participated in voir dire, prior to the judge's questioning, through a written questionnaire. This is not a capital case and does not involve, as did O'Connell v. State, the prejudice that accrues to a defendant facing a death sentence who is not afforded an opportunity to rehabilitate a potential juror expressing concerns about the imposition of capital punishment. I would note that the trial court, here, did afford the jurors the opportunity to rehabilitate themselves and, in any event, the appellant has not demonstrated prejudice. I also note that the issue of alcohol and drug use was relevant as there was evidence that the victim had consumed cocaine and alcohol.
As to the Neil issue, an inquiry was made and the trial court determined that the state's challenges were not racially motivated. There is record support for trial court conclusions that the bases for the challenges are race neutral, reasonable and not a pretext. See generally, Reed v. State, 560 So.2d 203 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990).