700 So.2d 791 (1997)
Edwin MELENDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0174.
District Court of Appeal of Florida, Fourth District.
October 29, 1997.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest and Adrienne Ellis, *792 Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Edwin Melendez, appeals his conviction on the charges of burglary and attempted sexual battery. We find that the court erred with respect to all three issues raised by appellant on appeal, and therefore reverse his conviction and remand for a new trial.
In this case, appellant was charged with entering the home of his neighbor and attempting to rape her while she slept on the couch. At trial, the victim identified appellant as the person who, dressed only in a t-shirt and nothing else, put a pillow over her face, got on top of her, and put his penis between her legs. When she screamed, he immediately got up and ran out of the house.
Appellant did not testify at trial; however, through the investigating officer, the state introduced the statement which appellant made to the police on the night of the incident. According to appellant, while walking his dog, he noticed his neighbor's front door standing open. He went inside to tell her and noticed her sleeping on the couch. When he tried to wake her, she began screaming so he left.

I. Dismissal of Prospective Jurors
During voir dire of the venire, the assistant state attorney, after informing the prospective jurors of the charges against appellant, asked one of the jurors whether or not he would have a problem sitting as a juror in the case. The juror replied, yes because his son had been charged with similar charges approximately seven years prior. When asked "do you think that's going to effect [sic] your ability to sit fairly on this case," he replied, "I think so." The trial court immediately excused the juror without inquiry, and appellant's counsel timely objected that he had not been given an opportunity to rehabilitate the juror. The trial court responded, "[h]e said he definitely would be influenced and he wouldn't be fair on this type of case because his son was charged with the same thing."
Later, the following colloquy took place with respect to another prospective juror:
State: Do you agree with the premises [sic] that some people do some things to put themselves in risk of harm?
Juror: They do things.
State: Like the example I used before walking around with money.
Juror: Well, that's life. You do what you got to do.
State: And would you agree just because I would do something like that doesn't mean I want to get robbed?
Juror: I would think you're an asshole but I mean I won't hold thatexcuse me.
State: Go ahead.
The Court: Excuse me, thank you, Mr. (Juror). You may go on back down to the jury room.
Defense Counsel: For the record I would ask the Court to note my objection.
The trial court has considerable discretion in determining the extent of counsel's examination of prospective jurors. See O'Connell v. State, 480 So.2d 1284 (Fla.1985). In Stano v. State, 473 So.2d 1282 (Fla.1985), cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986), the Florida Supreme Court set out the test for determining a juror's competency as "whether that juror can lay aside any prejudice or bias and decide the case solely on the evidence presented and the instructions given." Under most circumstances, that determination is made by allowing "counsel ... an opportunity to ascertain latent or concealed prejudgments by prospective jurors...." Id.
The court's failure to allow counsel to inquire into a prospective juror's potential biases amounts to an abuse of discretion warranting reversal unless it becomes "conclusively clear to the court after questioning, that there was no reasonable basis to anticipate that the juror could return a verdict against the defendant." Fleckinger v. State, 642 So.2d 35 (Fla. 4th DCA 1994), rev. denied *793 650 So.2d 989 (1994); see also Green v. State, 575 So.2d 796 (Fla. 4th DCA 1991)(trial court erred in striking two jurors who expressed doubt that they could be impartial due to their feelings about alcohol and drug use.) In this case, we hold that the trial court abused its discretion by not affording appellant's counsel an opportunity to question or attempt to rehabilitate the two excused prospective jurors.

II. Letter to Police Department
Over defense's relevancy objections, the court allowed the state to introduce an anonymous letter which was sent to the Coral Springs Police Department, which appellant had subsequently admitted sending. The letter was directed to internal affairs and alleged criminal activity on the part of the officer investigating the case against appellant.
While we recognize that the trial court has broad discretion in areas concerning the admissibility of evidence, Welty v. State, 402 So.2d 1159 (Fla.1981), we also note that under section 90.403, Florida Statutes, even relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. The trial court's ruling in this regard is subject to an abuse of discretion standard of review. See State v. McClain, 525 So.2d 420 (Fla.1988).
We hold that the court abused its discretion in allowing the state to introduce the letter to the police department. It was clearly irrelevant and immaterial to the issue being tried as it did not tend to prove or disprove a material fact. See Stano v. State, 473 So.2d 1282 (Fla.1985)(in order to be relevant and material, and therefore admissible the evidence must prove or tend to prove the fact or facts in issue.) Further, the letter could only serve to mislead the jury about appellant's motives for sending it, and consequently, his involvement with the crime.

III. Anonymous Letter to Victim
Appellant's final claim of error concerns the trial court's allowing the state to admit into evidence an anonymous letter sent to the victim. The letter threatened harm to her and her family for pursuing the criminal action. We hold that it was likewise reversible error to allow this second letter to be admitted.
In Lindsey v. State, 636 So.2d 1327 (Fla.1994), cert. denied, 513 U.S. 972, 115 S.Ct. 444, 130 L.Ed.2d 354 (1994), the supreme court held that "[t]hreats against a witness are not admissible to show a defendant's guilt ... unless the state proves the defendant made the threats." Id. at 1328 (citing Koon v. State, 513 So.2d 1253 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1124, 99 L.Ed.2d 284 (1988)). The trial court's admission of such evidence, however, is subject to a harmless error analysis. Lindsey. The state must prove the defendant's involvement with the threat by clear and convincing evidence. See Rozier v. State, 636 So.2d 1386 (Fla. 4th DCA 1994); see, e.g., Mutcherson v. State, 696 So.2d 420, 423 (Fla. 2d DCA 1997)(circumstantial evidence of the defendant's involvement in collateral crimes, i.e., his finger and palm prints on the gumball machines, the unusually large amount of change he carried in his pocket at the time of arrest, and the similarities of each burglary, constituted clear and convincing evidence connecting Mutcherson with all three burglaries).
In this case, evidence of authorship of the second letter was strictly circumstantial. Although there was evidence that the letter was sent in the same manner that appellant had sent previous letters (i.e., by Airbourne delivery in special envelopes), the record in this case was devoid of any direct evidence that could constitute clear and convincing evidence that appellant was the author of the letter.
In addition, it cannot be said beyond a reasonable doubt that the admission of this second letter was harmless error. Although the victim's identification of Melendez as the perpetrator was strong, Melendez told a very different account of events, and there was no other direct evidence linking him to the crime. Given these facts, it is certainly possible that the threatening letter to the victim *794 could have influenced the verdict and contributed to the conviction. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Based on all of the foregoing, we reverse and remand for a new trial.
REVERSED AND REMANDED.
DELL and FARMER, JJ., concur.