869 So.2d 725 (2004)
Vasco HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4423.
District Court of Appeal of Florida, Second District.
April 7, 2004.
*726 James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Vasco Howard appeals a judgment for robbery with a firearm, raising two issues arising from his jury trial. We reverse because during voir dire the trial court sua sponte dismissed a prospective juror for cause and denied Mr. Howard's request for an opportunity to question the juror to clarify whether her answers to prior questioning indicated an inability to fulfill her obligations as a juror. See Fla. R.Crim. P. 3.300(b); Melendez v. State, 700 So.2d 791, 792 (Fla. 4th DCA 1997). Although our disposition of this issue makes it unnecessary for us to reach the second evidentiary issue, we comment upon that issue so that it will not recur in a new trial.
Mr. Howard was charged as a principal in the armed robbery of a convenience store that was committed by two men. At Mr. Howard's trial, the State presented the testimony of a man who had admitted committing this crime and indicated he did it with a man adorned in a Dr. Seuss "Cat in the Hat" hat, whom he knew as "Bear." The State had other evidence tending to establish that Mr. Howard was "Bear."
During voir dire, the prosecutor questioned the prospective jurors regarding their ability to consider and weigh the testimony of a person who assisted in committing the crime. The prosecutor initially asked the juror at issue here, juror number 950: "If I were to satisfy [the] burden of proof with the testimony of a codefendant, what would be your opinion of that?" Juror 950 responded: "I don't see where it would change the color of anything. It would still be testimony." Another prospective juror, juror number 946, was less receptive to such testimony. As voir dire continued, however, the prospective jurors became confused by the wording of the prosecutor's questions on this topic. As the confusion worsened, the trial judge interjected and attempted to rephrase the question, asking the jurors whether the mere fact that a person was a co-perpetrator would result in their totally disregarding that person's testimony. The trial judge specifically directed his question first to juror 946, who answered unequivocally that he would wholly disregard the testimony of a co-perpetrator of a crime. The trial judge then called out juror 950's name, and that juror responded "Yes." From the record, it is impossible to determine whether this "yes" was in response to the trial judge calling the juror's name, or was intended by the juror as a response to the question posed. At this point, the trial judge sua sponte dismissed both jurors for cause. The trial judge overruled Mr. Howard's objection to the dismissal and refused to permit his counsel to question juror 950.
Florida Rule of Criminal Procedure 3.300(b) provides in part that "[c]ounsel for both the state and defendant shall have the right to examine jurors orally on their *727 voir dire." In Melendez, 700 So.2d 791, the Fourth District held:
The court's failure to allow counsel to inquire into a prospective juror's potential biases amounts to an abuse of discretion warranting reversal unless it becomes "conclusively clear to the court after questioning, that there was no reasonable basis to anticipate that the juror could return a verdict against the defendant." Fleckinger v. State, 642 So.2d 35 (Fla. 4th DCA 1994).
Melendez, 700 So.2d at 792; see also Green v. State, 575 So.2d 796 (Fla. 4th DCA 1991).
Here, the trial judge's questions, coupled with the prior questions asked of this prospective juror, did not conclusively establish that she could not fulfill her role as a juror by properly weighing the testimony of a co-perpetrator. We conclude that the trial court abused its discretion in dismissing this juror for cause without first granting the request of Mr. Howard's counsel to question her further.
Because the voir dire does not otherwise conclusively establish that this juror was unable to fulfill her role as a juror and it is possible that she could have served on the jury, it may be that the trial court's error is a structural defect that must be treated as per se error. See Dougherty v. State, 813 So.2d 217, 223-24 (Fla. 2d DCA 2002). In this case, we do not decide whether this type of error is per se error, because even if the harmless error analysis applies, the State cannot show beyond a reasonable doubt that this error did not contribute to the jury's verdict of guilt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). We therefore reverse Mr. Howard's judgment and sentence and remand for a new trial.
Mr. Howard also argues that the trial court erred in overruling his objections to an evidentiary issue. Although we reverse Mr. Howard's conviction based upon the error in voir dire, we comment on this evidentiary issue in the event it recurs in Mr. Howard's next trial.
In his defense, Mr. Howard presented his mother, Ms. Samuel, as an alibi witness. Ms. Samuel testified that on the night of the robbery, Mr. Howard was asleep on a sofa in her apartment. Over Mr. Howard's objection, the trial court permitted the prosecutor to question Ms. Samuel regarding when defense counsel first listed her as a witness in Mr. Howard's discovery disclosures. Apparently, the attorney initially appointed to represent Mr. Howard did not disclose Ms. Samuel as a witness. Instead, Ms. Samuel was first listed as a witness a month prior to trial, shortly after Mr. Howard's trial counsel filed a notice of appearance in the case.
The prosecutor presented Ms. Samuel with a discovery disclosure filed by Mr. Howard's trial counsel dated June 15, 2001, which listed Ms. Samuel as a witness. He had her acknowledge this document. When Ms. Samuel insisted that she had told Mr. Howard's prior counsel about this alibi and that she did not know whether prior counsel had listed her as a witness or why that counsel would have failed to do so, the prosecutor retorted: "[Y]ou're not saying [prior counsel] isn't a competent attorney, are you?" Ms. Samuel replied, "No, I'm not." When Ms. Samuel again asserted that she told Mr. Howard's prior counsel about the alibi, the prosecutor questioned, "And she chose not to put you on the witness list?"
In closing arguments, the prosecutor argued:
[Ms. Samuel] spoke with the first attorney for the defense, counsel for the defendant. That attorney heard her out as she said. She gave her opinion. Why did the attorney not add her as a witness? Is that perhaps comment on her version of the facts and whether or *728 not they are in accordance with the actual facts of this case?
The prosecutor's questioning of Ms. Samuel, and the subsequent use of her answers in closing argument, was improper. Ms. Samuel was not competent to testify regarding the actions of Mr. Howard's prior counsel. There were many potential explanations as to why prior counsel did not list Ms. Samuel as a witness prior to withdrawing from the caseexplanations other than the inference that prior counsel thought Ms. Samuel was lying. Even if the prosecutor could have questioned Mr. Howard's prior counsel regarding her intentions, he would have been prohibited from questioning the attorney regarding her opinion of Ms. Samuel's veracity. See Boatwright v. State, 452 So.2d 666, 668 (Fla. 4th DCA 1984). The prosecutor was not permitted to accomplish indirectly, by inference and without any competent evidence, that which he could not do directly. In a new trial, this line of questioning should be avoided.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., concur.