DANAHY, PAUL, W., Senior Judge.
Randolph Wright Puryear appeals his convictions for second-degree murder with a firearm, two counts of aggravated assault with a firearm, and carrying a concealed weapon. We find no reversible error in any of the several issues he raises. Accordingly, we affirm his convictions and sentences. In doing so we discuss one of the issues he raises.
Puryear was tried by jury. During voir dire, one of the prospective jurors advised that he had received information about the case which caused him concern as to whether he could render a fair and impartial verdict. Puryear objected to the trial court’s excusing the prospective juror for cause without first giving the defense an opportunity to examine him. Following voir dire, however, defense counsel affirmatively accepted the jury panel without reservation of his prior objection.
Florida Rule of Criminal Procedure 3.300(b) provides that both counsel for the State and the defendant “shall have the right to examine jurors orally on their voir dire.” In this case, it was error for the trial court to dismiss the prospective juror without giving Puryear “an opportunity to question the juror to clarify whether [his] answers to prior questioning indicated an inability to fulfill [his] obligations as a juror.” Howard v. State, 869 So.2d 725, 726 (Fla. 2d DCA 2004); see also Melendez v. State, 700 So.2d 791 (Fla. 4th DCA 1997). Although Puryear contemporaneously objected to the trial court’s dismissal of the prospective juror without inquiry by the defense, we hold that, by affirmatively accepting the jury without reservation of his earlier objection, Pur-year abandoned his objection to the dismissal of the prospective juror.
In Joiner v. State, 618 So.2d 174 (Fla.1993), defense counsel objected to the State’s peremptorily striking a black prospective juror, and the trial court erroneously found that the strike was race neutral. However, the Joiner court held that, in affirmatively accepting the jury without reservation of his previous Neil[1] objection, it was reasonable to assume that counsel had abandoned the objection. See Joiner, 618 So.2d at 176. The court stated: “It is reasonable to conclude that events occurring subsequent to his objection caused him to be satisfied with the jury about to be sworn.” 618 So.2d at 176. In both Joiner and the present case, defense counsel affirmatively accepted the jury without reservation of the earlier objection. In the present ease, as in Joiner, it is reasonable to conclude that counsel was satisfied with *4 the jury about to be sworn. We also note that Lavin v. State, 754 So.2d 784 (Fla. 3d DCA 2000), has extended the rule enunciated in Joiner to other jury selection issues. Furthermore, jeopardy attaches in a jury trial when the jury is sworn. See Allen v. State, 52 Fla. 1, 41 So. 593, 594 (1906). Had defense counsel renewed his objection, this would have provided the trial court with a final opportunity to correct its error, dismiss the venire panel, and start over with a new venire panel.
Affirmed.
SALCINES and SILBERMAN, JJ., Concur.

. State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986).