915 So.2d 1251 (2005)
Giovanni ZULUAGA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-927.
District Court of Appeal of Florida, Third District.
December 21, 2005.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before FLETCHER, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, J.
The defendant, Giovanni Zuluaga, appeals his conviction for trafficking in methylenedioxymethamphetamine *1252 (Ecstasy) following a jury trial. He claims that he is entitled to a new trial based upon (1) the introduction of inadmissible hearsay, (2) the improper bolstering of the credibility of the informant who testified at trial, and (3) an improper argument made during the State's closing argument. We affirm.
Noris Barcimento, a paid informant, working for the government for the past ten years, contacted DEA Agent Crispin whom she had been working with for the last five years, and informed him that a large shipment of Ecstasy had been smuggled into the Miami area from Colombia. The informant told Agent Crispin that she had contacted the co-defendant, who later became known as Alejandro Sanclemente, and believed she could purchase a quantity of Ecstasy pills from him. Ms. Barcimento met with the co-defendant, discussed the purchase of 15,000 Ecstasy pills, and was given a sample. The following day, Ms. Barcimento arranged a meeting with the co-defendant to make the purchase and, upon arriving at the ultimate location to conduct the transaction, was approached by the defendant, who placed a blue bag containing 15,000 Ecstasy pills in her car, wherein he was immediately seized by agents and placed under arrest.
Agent Salameh, the arresting agent, testified that immediately upon his seizure of the defendant, the defendant indicated that he wished to speak to him. He therefore read the defendant his rights per Miranda, which the defendant waived. The defendant told Agent Salameh that he had approximately 170,000 more pills, which he referred to as "Ecstasy," back at his residence. He explained that the pills came from Europe and that he was paid $1,000 by a gentleman to store them and an additional $80 to deliver them. A search, conducted after a signed consent to search form was obtained from the defendant, revealed two suitcases containing over 170,000 Ecstasy pills and a pill counter containing one Ecstasy pill.
The defendant's defense at trial was that he did not know that the pills he possessed were illegal.
The first argument raised on appeal by the defendant is that the trial court committed reversible error when it permitted the State to introduce, over objection, hearsay evidence that a large shipment of Ecstasy had been smuggled into the country from Colombia and was available in the Miami area. The defendant argues that the error was compounded when referred to by the State in its closing argument to jury.
We review the trial court's ruling on an evidentiary objection based upon an abuse of discretion standard. See Cole v. State, 701 So.2d 845 (Fla.1997); O'Connell v. State, 480 So.2d 1284, 1286 (Fla.1985).
The defendant asserts that when testimony of a non-testifying witness is introduced which either directly or by inference furnishes evidence of the defendant's guilt, it is hearsay and violates the defendant's right of confrontation. As to this contention, we agree. The defendant additionally argues that the evidence complained of requires a new trial. We, therefore, review the evidence introduced in order to determine whether the statement is in fact hearsay and, if so, whether its introduction at trial requires reversal.
Hearsay is an out-of-court statement by a non-testifying declarant, which is offered to prove the truth of the matter asserted. § 90.801(1)(c), Fla. Stat. (2004). The Florida Supreme Court and this court have concluded that when an out-of-court statement of a non-testifying witness, which provides evidence of the defendant's guilt, is admitted to show a logical sequence of events regarding the investigation, its probative *1253 value is outweighed by its prejudicial effect, and therefore, error. See Wilding v. State, 674 So.2d 114 (Fla.1996), receded from on other grounds, Devoney v. State, 717 So.2d 501 (Fla.1998); State v. Baird, 572 So.2d 904 (Fla.1990).
Additionally, when the out-of-court statement of a non-testifying witness furnishes evidence of the defendant's guilt, the testimony, even if offered to show the sequence of events regarding the investigation, is hearsay. In Keen v. State, 775 So.2d 263 (Fla.2000), the Florida Supreme Court firmly rejected the argument that because the testimony challenged was not elicited to prove the truth of the matter asserted, but rather to show the sequence of events regarding the investigation, that it was not hearsay. Id. at 274. The court explained that when the events leading to an investigation and an arrest are not material issues in the case, they are not relevant and "[w]hen the only possible relevance of an out-of-court statement is directed to the truth of the matters stated by a declarant, the subject matter is classic hearsay even though the proponent of such evidence seeks to clothe such hearsay under a nonhearsay label." Id.; see also Wright v. State, 586 So.2d 1024 (Fla.1991) (holding that where the only relevance of an out-of-court statement is to prove the truth of the matter asserted it is hearsay and is not rendered admissible when the non-hearsay purpose is not relevant).
The defendant asserts that the out-of-court statement, which is the subject of this appeal, was inadmissible hearsay. We disagree. The out-of-court statement was not accusatory nor did it furnish evidence of the defendant's guilt. The statement in question was that someone from Colombia had told the informant that a large quantity of Ecstasy had been smuggled into this country from Colombia and was available in the Miami area. The informant testified that based upon this information, she contacted the co-defendant, Alejandro Sanclemente, and arranged to meet with him. She subsequently did meet with Sanclemente and negotiated with Sanclemente to purchase 15,000 Ecstasy pills from Sanclemente. It was Sanclemente who provided a sample of the pills and with whom she further negotiated for the ultimate 15,000 pill purchase. In fact, her only involvement with the defendant was when he showed up for the delivery and placed the pills in her car.
We conclude that the fact that someone told the informant that a large shipment of Ecstasy had been smuggled into the country is not accusatory as to the defendant, nor does it provide any evidence, direct or otherwise, of the defendant's guilt. The defendant freely admitted possessing and delivering the pills to the informant and even offered that he had an additional 170,000 pills at home, and that he was paid for his services. The only issue at trial was whether the defendant knew that the pills he delivered were illegal. The out-of-court statement in no way helped prove or disprove this claim, and in fact, added nothing that was not learned by the defendant's own voluntary statements. We, therefore, conclude that while it was error to admit the out-of-court statement on relevancy grounds, because the statement was not accusatory, it was not hearsay. See Postell v. State, 398 So.2d 851, 854 (Fla. 3d DCA 1981), review denied, 411 So.2d 384 (Fla.1981) (holding that when "the inescapable inference from the testimony is that a non-testifying witness has furnished the police evidence of the defendant's guilt, the testimony is hearsay, and the defendant's right of confrontation is defeated") (emphasis added and footnote omitted).
*1254 Whether the out-of-court statement was improperly admitted on relevancy grounds or because it was hearsay is not dispositive as either way it was error subject to a harmless error analysis.
The cases in which the appellate courts have found reversible error when an out-of-court statement is improperly admitted are those cases in which the evidence is accusatory and furnishes evidence of the defendant's guilt. In those cases, because the statement furnished evidence of the defendant's guilt, it was found to violate the defendant's right of confrontation. In Wilding v. State, the detective testified that he received an anonymous tip which specifically named the defendant in connection with the murder being prosecuted; that his department initiated its investigation of Wilding based upon this tip; and that he had "verified a lot of the information that [he] received in the tip and developed additional information." Wilding, 674 So.2d at 118. The Florida Supreme Court thus concluded that reversible error occurred because "the jury was led to believe that an unidentified person, who did not testify and was not subject to cross-examination, had given the police evidence of Wilding's guilt, evidence that upon investigation proved to be reliable." Id. at 119. In Keen v. State, Keen was convicted of the first-degree murder of his wife and sentenced to death. The Florida Supreme Court reversed, in part, based upon hearsay evidence from three non-testifying sources. The court found the error to be greater than the error in Wilding, as the out-of-court statements came from identified sources: two insurance companies and the defendant's brother. The clear inference to be drawn from the out-of-court statements was that the insurance industry had investigated the disappearance of the defendant's wife and concluded that it was murder, that Keen's own brother had implicated him in the murder, and that the police had investigated this information and found it to be reliable. Keen, 775 So.2d at 274.
The Fourth District Court of Appeal in Schaffer v. State, 769 So.2d 496 (Fla. 4th DCA 2000), reversed the defendant's conviction for possession of cocaine with intent to deliver where the State had offered no proof of the defendant's connection with any illegal conduct other than the implications left by the admission of the out-of-court statements made by a confidential informant who did not testify. Law enforcement testified regarding the "technique" they use in "buy-bust" operations when they obtain information that a particular person is selling drugs. After explaining the procedure, the jury learned that a phone call was initiated by the informant and that based upon the information obtained by the informant, the officers went to a specific location where the narcotics were to be delivered and located the specific vehicle they were looking for, where upon they arrested the defendant. Absent the hearsay statements, the evidence would have been that the police arrested the defendant after observing no illegal conduct. A clear inference was that the police had received information that Schaffer was selling drugs; that the informant contacted Schaffer; set up a purchase; and when Schaffer arrived at the designated site with the drugs, he was arrested.
In Postell, this court likewise found that the admission of testimony that a non-testifying witness had furnished the police with evidence of the defendant's guilt, required a new trial as it was accusatory and thus hearsay. Postell was convicted of armed robbery. During trial, the State introduced, over objection, evidence that a non-testifying witness saw what occurred, spoke to the officer within minutes of the crime being committed, and based upon *1255 what she told the police, they responded to the defendant's apartment and arrested him. This court concluded that the inescapable inference was that "she had told the officer that she had seen the crime and [had] seen Postell commit it" and "[t]he fact that the prosecutor's argument urged the jury to draw this very inference merely exacerbates the problem." Postell, 398 So.2d at 854 n. 4.
In contrast with the cases addressed above, this court in Hernandez v. State, 547 So.2d 138 (Fla. 3d DCA 1989), review denied, 558 So.2d 18 (Fla.1990), and the First District in Barnes v. State, 470 So.2d 851 (Fla. 1st DCA 1985), held that the admission of out-of-court statements, even though they were accusatory in nature and thus hearsay, constituted harmless error. In Hernandez, the officer was allowed to testify that as a result of interviews with several witnesses, he began looking for the defendant. In concluding that the error was harmless, this court reasoned that
unlike Postell v. State, 398 So.2d 851 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla.1981) and its progeny, the non-testifying witnesses in this case were not eyewitnesses to the crime charged herein and it is not clear from this record what incriminating information they gave to Detective Fleming. Given the vague nature of this testimony and the other evidence of guilt in this case, we are unwilling to upset this conviction on this and other technical errors complained of in Detective Fleming's testimony.
Hernandez, 547 So.2d at 138.
Likewise, in Barnes, the First District found that the officer's brief references to an anonymous telephone tip implicating the defendant, while impermissible hearsay, was less egregious than in Postell, and concluded that these references constituted harmless error.
The out-of-court statement introduced in the instant case, when contrasted with those introduced in each of the cases addressed herein, demonstrates why we have concluded that the error was harmless beyond a reasonable doubt. The statement that a quantity of Ecstasy pills was smuggled into the country was general, vague, non-accusatory, and does not in any way point to the defendant as the exporter, intermediary (smuggler), or the importer of these pills. There was no evidence that the pills in the defendant's possession were in any way related to the shipment mentioned or that such a shipment took place. Nor does it matter where they came from. The State was only required to prove that the defendant possessed the pills in question which he delivered to the informant (an issue not in dispute); that the substance was a controlled substance (also undisputed); and that the defendant knew what the pills were. Since the defendant referred to the additional pills he had at his home as "Ecstasy" when he spoke to the agent, there was evidence from which the jury could conclude that he knew what was contained in the bag he delivered. The defendant's defense that he did not know that the pills were illegal was in no way affected by the statement that a quantity of these pills had been brought into the Miami area. In fact, the out-of-court statement arguably supported the defendant's own statement that a man from Europe (Sanclemente) paid him to store a large quantity of the pills in his house and paid him $80 to deliver some of them to the informant. See State v. Baird, 572 So.2d at 905 (concluding that agent's testimony at defendant's trial for numerous counts of racketeering and bookmaking related to football betting in the Pensacola area, wherein he stated that he had received information that the defendant "was a major gambler and operating a major *1256 gambling operation in the Pensacola area," was found to constitute harmless error).
We, therefore, conclude that the introduction of the out-of-court statement was harmless error. Having reviewed the other claims raised by the defendant, we find that they are either without merit or constitute harmless error.
Affirmed.