PER CURIAM.
 

 Appellant, Stephen Jay Almond, challenges his conviction for failing to register as a sexual offender on multiple grounds. Because the trial court erred in making numerous evidentiary rulings, we reverse.
 

 Appellant was charged with failing to register his new address within forty-eight hours of moving. Deputy Jeffery McGill was the only trial witness and, through his testimony, the State sought, and the trial court permitted, the admission of hearsay documents and testimony over defense counsel’s repeated objections. The jury found Appellant guilty of failing to register and he was sentenced to 27.75 months’ imprisonment.
 

 
 *1276
 
 The trial court’s ruling on the admissibility of evidence will not be reversed absent an abuse of discretion.
 
 McCray v. State,
 
 919 So.2d 647, 649 (Fla. 1st DCA 2006). However, a court’s discretion is limited by the evidence code and applicable case law, and a court’s erroneous interpretation of these authorities is reviewed de novo.
 
 Id.
 
 The trial court erred in allowing the admission of Appellant’s sexual registration forms in Exhibits 1, 2, and 3 and in admitting Appellant’s applications for a driver’s license in Exhibit 7 because none of these documents were self-authenticating business records, a record custodian was not present to testify as to their authenticity, and they did not fall under the public records exception to the hearsay rule.
 
 See
 
 §§ 90.803(8); 90.902(2), Fla. Stat. (2007);
 
 Lee v. Dep’t of Health & Rehabilitative Servs.,
 
 698 So.2d 1194, 1201 (Fla.1997);
 
 Carter v. State,
 
 951 So.2d 939, 943 (Fla. 4th DCA 2007).
 

 Deputy McGill testified that he verified that Appellant did not reside at his registered address after speaking to a resident of that address, that he located Appellant after speaking to Appellant’s girlfriend, that Appellant was residing at a different address in violation of the sexual offender registration requirements based on information he had gathered, and that he knew that Appellant was required to register as a sexual offender because he received notification to that effect from FDLE. The trial court abused its discretion when it allowed the above testimony because it was hearsay by inescapable inference.
 
 See Zuluaga v. State,
 
 915 So.2d 1251, 1252-53 (Fla. 3d DCA 2005) (holding that when an out-of-court statement of a non-testifying witness furnishes evidence of the defendant’s guilt, the testimony is hearsay and cannot be admitted to show the sequence of events in an investigation because its probative value is out-weighed by its prejudicial effect);
 
 see also Keen v. State,
 
 775 So.2d 263, 273 (Fla.2000);
 
 Cedil-lo v. State,
 
 949 So.2d 339, 340 (Fla. 4th DCA 2007). The trial court also erred in admitting Appellant’s written statement before the State had established the corpus delicti of the charged crime.
 
 Bassett v. State,
 
 449 So.2d 803, 807 (Fla.1984).
 

 Because the cumulative effect of these errors warrants a new trial, we need not address the other issues raised by Appellant. We therefore REVERSE and REMAND for a new trial.
 

 DAVIS, BENTON, and PADOVANO, JJ., concur.